IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| LISA LA REAU | § | |
| | § | CIVIL ACTION NO. 7:19-cv-168 |
| VS. | § | |
| | § | JURY REQUESTED |
| KIRK OWEN BROWN | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Lisa La Reau files this her Original Complaint against Defendant Kirk Owen Brown and, in support of her causes of action, would respectfully show the following:

**I.
PARTIES**

1.1     Plaintiff Lisa La Reau is and was a resident and citizen of the State of Texas, specifically the Western District of Texas, at all times relevant to this action.

1.2     Defendant Kirk Owen Brown is domiciled in Kansas, and thus is a citizen of Kansas. Although a nonresident of Texas, Defendant Brown was engaged in business and activities in Texas at all times relevant to this action and, in fact, this action arises from Brown's business and/or activities in Texas. Brown purposefully avails himself to the jurisdiction of Texas courts, and therefore can reasonably expect to be haled into Texas courts. Brown may therefore be served with process according to the Texas Long-Arm Statute by serving the Texas Secretary of State, Service of Process Division, P.O. Box 12079, Austin, TX 78711, who can in turn serve Defendant Brown at his last known address, 24101 Franklin Ln., Dennis, KS 67341, or wherever he may be found.

1.3     At this time, there are no known responsible third parties to this action as that term is defined by TEX. CIV. P. & REM. CODE § 33.011(6).

## II.
### JURISDICTION

2.1	This Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a) because the present action is a civil action between a plaintiff who is a citizen of Texas, and a defendant who is a citizen of a state other than Texas, specifically Kansas, and the matter in controversy exceeds $75,000, exclusive of costs and interest.

2.2	This Court has specific personal jurisdiction over Defendant Brown because Brown committed acts within Texas, and specifically within the Western District of Texas, that give rise to this action.  Thus, exercising jurisdiction over Defendant Brown does not offend the traditional notions of fair play and substantial justice.

## III.
### VENUE

3.1	Venue is proper in the United States District Court for the Western District of Texas, Midland/Odessa Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to the claim occurred in the Western District of Texas, Midland/Odessa Division.

## IV.
### BACKGROUND FACTS

4.1	On February 8, 2019, at or before 6:26 a.m., Lisa La Reau was stopped on FM 1213 at the yield portion of the intersection with State Highway 158, waiting to turn right onto eastbound 158.

4.2	Also at that time, Defendant Kirk Owen Brown was driving his Ford F-350 truck eastbound on State Highway 158, near the intersection of SH 158 and FM 1213.

4.3	While traveling eastbound, Brown swerved right, well outside of his lane of travel, and into La Reau.



**Figure 1.**  Trooper's Narrative and Diagram from the subject CR-3.

4.4    As a direct and proximate result of Brown's conduct, Lisa La Reau sustained severe injuries.

4.5    Also a result of his conduct and the subsequent crash, Brown was cited by the Texas Department of Public Safety for Failure to Drive in a Single Lane.[1]

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| 1 | 1 | Fail to Drive in Single Lane | TX5DU80TNA4G |
|   |   |   |   |
|   |   |   |   |

**Figure 2.**  Charges section from the subject CR-3.

## V.
## CAUSES OF ACTION AGAINST DEFENDANT KIRK OWEN BROWN

5.1    Defendant Kirk Owen Brown committed acts of omission and commission, which collectively and severally constituted negligence, and which were proximate causes of the subject crash, Lisa La Reau's injuries, and La Reau's resulting damages.

5.2    Brown's negligent acts include, but are not limited to:

    a.    Failure to keep a proper lookout;

    b.    Failure to keep mental and physical alertness;

---

[1] February 11, 2019 Texas Peace Officer's Crash Report (Form CR-3) pertaining to the subject incident, p. 2.

      c.      Failure to take proper evasive action; and

      d.      Failure to drive in a single lane.

**VI.**
**DAMAGES**

6.1    As a proximate result of Defendant Brown's negligence, Lisa La Reau suffered physical injury resulting in the following damages, relief for each of which is sought herein:

      a.      Physical pain sustained in the past;

      b.      Physical pain that, in reasonable probability, will be sustained in the future;

      c.      Mental anguish sustained in the past;

      d.      Mental anguish that, in reasonable probability, will be sustained in the future;

      e.      Past lost earning capacity;

      f.      Lost earning capacity that, in reasonable probability, will be sustained in the future;

      g.      Past disfigurement;

      h.      Disfigurement that, in reasonable probability, will be sustained in the future;

      i.      Past physical impairment;

      j.      Physical impairment that, in reasonable probability, will be sustained in the future;

      k.      Medical care expenses in the past;

      l.      Medical care expenses that, in reasonable probability, will be sustained in the future;

      m.      Other damages pecuniary in nature not specifically named herein sustained by La Reau in the past; and

      n.      Other damages pecuniary in nature not specifically named herein that, in reasonable probability, will be sustained by La Reau in the future.

6.2    Plaintiff seeks pre-judgment and post-judgment interest at the applicable rate allowed by law.

## VII.
### CONDITIONS PRECEDENT

7.1    All conditions precedent to Plaintiff's right to recover herein and to Defendant's liability have been performed or have occurred.

## VIII.
### RESERVATION OF RIGHTS

8.1    Plaintiff reserves the right to amend her pleadings to add additional counts, parties, and/or elements of damage as discovery proceeds.

## IX.
### JURY DEMAND

9.1    Plaintiff hereby timely files her request for a trial by jury pursuant to the Federal Rules of Civil Procedure.

## X.
### PRAYER

10.1    Plaintiff Lisa La Reau prays Defendant Kirk Owen Brown be cited to appear and answer for his tortious conduct, that this case be set for trial, and that Plaintiff recovers a judgment of and from the defendant for damages in such amount as the evidence may show and the jury may determine to be proper, in addition to pre-judgment interest, post-judgment interest, costs, and all other and further relief to which Plaintiff may show herself to be entitled.

Respectfully submitted,

By:    */s/ Hunter Craft*
       **J. Hunter Craft**
       Attorney-in-Charge
       State Bar No. 24012466
       Federal Bar No. 24377
       **Laura A. Cockrell**
       State Bar No. 24082836
       Federal Bar No. 1691710
       2727 Allen Parkway, Suite 1150
       Houston, Texas 77019
       Telephone: 713.225.0500
       Telefax: 713.225.0566
       Email: hcraft@craftlawfirm.com
       Email: lcockrell@craftlawfirm.com

**OF COUNSEL:**
**CRAFT LAW FIRM, P.C.**

**ATTORNEYS FOR PLAINTIFF**